ISAAC CLAPP *vs.* ROBERT THAXTER & another, Executors.

After a cause in equity has been continued *nisi* from a law term for advisement, and a judgment dismissing the bill has been entered, by order of the court, as of the last term in the county where the suit was pending, it is too late to petition for a rehearing, on the ground of a misapprehension of the facts of the case by the court.

PETITION for a rehearing of a suit in equity brought by the petitioner against the respondents, which was argued in this court at October term 1855, and continued *nisi* for advisement, and in which, at the sittings in Boston in June 1856, a rescript

was sent to the clerk, directing judgment to be entered as of February term 1856, dismissing the bill, with costs.*

In the petition for a rehearing, (which was filed on the 9th of September 1856,) the petitioner represents that "he finds himself aggrieved by a decree made in this cause in vacation, since the February term of said court, in which it was ordered that said bill be dismissed;" "submits that said decree is erroneous;" "conceives it must have been founded on a misapprehension of the material facts in said case," especially in certain particulars specified; "submits that said cause ought to be reheard before the court, in order that such misapprehension may be removed, and that said decree, which has not yet been recorded, may be reversed;" and therefore prays for a rehearing of the case, a reversal of the decree, and for such further order in the premises as to the court may seem meet.

*G. M. Browne,* for the petitioner.

*E. Merwin,* for the respondents.

THOMAS, J. This petition for a rehearing comes too late.

The Rev. Sts. *c.* 81, § 57, provide that "when an action shall be continued *nisi* from any law term, either for argument or advisement, and shall be determined by the court before the next law term in the same county, the judgment may, by order of the court, on the motion or at the request of the party prevailing, be entered as of the then last term of the court, in the county where the action is pending, whether it be a law term or not."

It is well settled, under the practice of the court of chancery in England, that after a decree has been enrolled, there can be no rehearing on petition, and that the only remedy is a bill of review. 2 Dan. Ch. Pract. 1220–1232, *et passim.* 2 Mad. Ch. Pract. 370. Mitf. Eq. Pl. (1st Amer. ed.) 71. Story Eq. Pl. § 403. *Taylor* v. *Sharp,* 3 P. W. 371. *Minthorne* v. *Tompkins,* 2 Paige, 102. The enrolled decree is the definitive sentence of

---

* The ground of dismissing the bill was, that the court were of opinion that there was no sufficient evidence of a fraudulent concealment of the cause of action by the defendants, and that the suit was therefore barred by the statute of limitations.

the court. Before enrolment, the decree, though in its nature it may be a final decree, is treated as interlocutory; it does not become strictly a record; it cannot be pleaded in bar to another suit; execution cannot issue upon it.

There is no proceeding, under our practice, such as the signing and enrolling of a decree in the English court of chancery. See 2 Dan. Ch. Pract. 1227, 1228. But that which is equivalent thereto is the entry of a final decree and judgment thereon as of the last day of the term, or, by an express order of the court, at an earlier day; or, when the cause has been continued *nisi* from any law term, a judgment entered by order of the court as of the then last term of the court in the county where the action is pending. Rev. Sts. c. 97, § 1; c. 81, § 57. *Herring* v. *Polley*, 8 Mass. 113.

Though judgments in courts of law and final decrees in equity are in this country matters of record, they are deemed to be recorded as of the term of the court in which they are passed, though not then actually spread upon the record. In substance and effect, they are deemed to be enrolled as of that term. *Whiting* v. *Bank of United States*, 13 Pet. 6. *Dexter* v. *Arnold*, 5 Mason, 303. Story Eq. Pl. § 403.

There can then, after final decree and judgment thereon, be no reversal of the decree, except upon a bill of review. The petition before us is not such bill, either in form or substance. A bill of review must be based upon one of two grounds: error in law, apparent upon the record; or the discovery of new facts, which could not have been used when the decree was passed. The first of Lord Bacon's ordinances, " for the better and more regular administration of justice in the chancery," was, that " no decree shall be reversed, altered or explained, being once under the great seal, but upon bill of review; and no bill of review shall be admitted except it contain either error in law, appearing in the body of the decree, without farther examination of matters in fact, or some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made; nevertheless upon new proof, that is come to light after the decree made, and could not possibly

have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise." 4 Bacon's Works, (ed. 1824,) 509. 1 Sand. Ord. Ch. 109.

This rule seems to have been carefully observed in the English chancery, and is the germ and substance of what text writers have said upon the subject. Mitf. Eq. Pl. 66. 2 Mad. Ch. Pract. 408. Story Eq. Pl. § 404. 3 Dan. Ch. Pract. 1727. In its application to our own practice, we must not forget that in England the decree recites the substance of the bill and of the answer, and of the material facts upon which the decree is based. In this country it is not ordinarily the practice to recite in the decree the bill, answer or pleadings. But these, with the decree, constitute what may be considered the record of the cause. The rule, as applicable to our practice, would therefore be more correctly stated, that a bill of review lies for error apparent on the record. *Whiting* v. *Bank of United States*, 13 Pet. 6. Story Eq. Pl. § 407.                                                    *Petition dismissed.*